Green, J.
delivered the opinion of the court.
About the year 1827 or 1828, the complainant purchased a tract of land from Daniel O. Baker for six hundred dollars, but before the purchase money was paid or a conveyance of the land, Baker’s creditors levied on it and sold it. To secure the land he had purchased and to get it free from incumbrances, the complainant employed the defendant as his agent to buy in the land for him. The defendant did buy in the land, but took the title in his own name. He afterwards, as agent of the complainant, sold the land for six hundred dollars, and now refuses to account with the complainant, pleads the statuie of limitations, and insists that a court of chancery, has no jurisdiction to afford relief.
1. We think the repeated acknowledgments of the defendant, that he owed the complainant, and was willing to pay him what was right, are sufficient to take the case out of the operation of the statute of limitations.
In the summer of 1842, John Hale, the defendant, admitted in the presence of A. H. Montgomery, Clerk and Master of the Chancery Court at Pikeville, that he owed Richard Hale, and if he would do within one hundred dollars of what was right, he would pay him. In 1840, he said in presence of J. H. Spears, if Richard Hale would make a fair settlement, if he owed him he would pay him. Many acknowledgments of a similar character have been proved in this cause, made at various times since the agency of the defendant commenced,' so that the indebtedness of the defendant to the complainant to some extent is established beyond doubt.
But it is said, no specific sum was admitted to be due, nor was there any promise to pay. This is true; but we think admissions of indebtedness in a specific sum, and an express promise to pay, are not essential to take the case out of the operation of the statute of limitations. It is enough if an indebtedness be' admitted in reference to a particular subject matter, and a willingness be expressed to pay such amount as may be due. If it were necessary that the acknowledgment should state the *185 precise sum due, it would be scarcely ever possible to prove an admission which would take the case out of the statute. Some adjustment of accounts between the parties is almost always necessary in order to ascertain the amount due.
"We do not mean to say, that a general admission of indebtedness will authorize a plaintiff to prove any accounts he may produce, however variant in their origin and remote from the meaning of the party making the admission. The admission must refer to a particular subject matter of indebtedness, so that if the sum be not specified in the admission, it may be made certain by the proof.
^ 2. There is no objection to the jurisdiction of chancery in this cause. The complainant paid for the land to Baker, and the title was taken to the defendant; hence a trust resulted in favor of the complainant. The sale of the land and receipt of the proceeds, and the disbursements for clearing off incumbrances, have -been performed under the trust and confidence reposed by virtue of the original agency. The character of the case here presented is therefore fit, because of the trust between the parties, and because it is an adjustment of mutual accounts, for the jurisdiction of the court. If, therefore, in such a case a court of law might have afforded relief, it does not follow that equity has not also jurisdiction, especially as the defendant did not demur, but has answered the bill and submitted to the jurisdiction. 2 Jh. Ch. ft. 369.
The decree must be reversed, and a decree for an account must be entered.